[Civ. No. 20094. Second Dist., Div. One. July 22, 1954.]

SPENCER SULLY et al., Appellants, v. KERN DRILLING CORPORATION (a Corporation) et al., Respondents.

Chenoweth, Robertson, Harney & Behr, Robertson, Harney & Behr, David M. Harney and Ruth Michaelson for Appellants.

Cree & Brooks and Joseph A. Ball for Respondents.

DORAN, J.—The complaint herein contains three causes of action: (1) Specific performance of an oral agreement under which plaintiffs claimed a joint venture with defendants, by reason of which the latter were required to convey to each plaintiff a one-tenth interest in a certain 1 per cent royalty interest purchased by the Kern Drilling Corporation

from one Heller. Alternatively, and as respondents allege, "to avoid the defense of the Statute of Frauds," the complaint alleged a constructive trust resulting from a breach of a confidential relationship, or a resulting trust. A second cause of action was in favor of plaintiff Rodman K. Cross for a debt due, with a third cause of action for Cross claiming the reasonable value of services rendered in evaluating the property involved herein.

The trial court decided the various issues in defendants' favor except that plaintiff Cross was awarded judgment for $500 on the *quantum meruit* cause of action. The appeal is by all plaintiffs, Cross appealing by reason of the amount of the judgment rendered.

It is appellants' contention that, "A. The findings are insufficient, uncertain, indefinite and ambiguous and not supported by the evidence because: 1. There is no finding of fact or conclusion of law on the issue of whether a joint venture existed, although definitely raised by the pleadings and evidence. 2. Yet there must have been some finding of a contractual relationship as evidenced by the award of $500.00. 3. There is no decision as to whether Donald Ford's memorandum admitted in evidence would take the case out of the Statute of Frauds if no joint venture was found to exist. B. Errors occurred in the admission and exclusion of evidence."

Viewing the evidence in the light most favorable to respondents, as required by law, it appears that appellant Cross, a geologist, in 1947 occupied an office in a Long Beach building owned by respondent Kern Drilling Corporation, and there became acquainted with respondent Edmund F. Richards. Cross testified that in May, 1951, Richards was informed by Cross that one A. H. Heller had for sale a 1 per cent overriding royalty interest in South Cuyama Field and that appellant Sully had telephoned Cross that this interest could be bought for $85,000. As stated in respondents' brief, "Cross said that he told Richards that Sully wanted to buy one-tenth of the 1% royalty, and that he, Cross, would like one-tenth of it if he could afford it (R.T. 41)." Cross further testified that Richards wanted to know if the royalty was worth $85,000, and Cross told him that he would determine its value, but that he wanted to be compensated. At that time Cross "told him (Richards) that I did not think that I could afford to buy any of the percent at that time for the reason that I had other obligations."

Cross stated that prior to the date Richards went to escrow "there was only one conversation at which he, Cross, Richards and Sully were present (R.T. 209/12-14). On that date Cross did not tell either Richards or Sully that he wanted to buy one-tenth of 1% . . . he first told Richards that he would buy . . . on June 6, 1951." Prior to that time Cross' work as geologist had been completed and Richards had been given a memo of evaluation of the royalty interest.

Cross' version of the oral contract alleged to have been made during this conversation is that Richards asked if Cross would pay $8,500 for a one-tenth interest, to which Cross answered, "Yes, that amount, less the compensation for the evaluation." Richards did not reply to that statement. Nor was the amount of Cross' compensation fixed. This conversation is denied by Richards.

Appellant Sully testified to a somewhat different version of the alleged oral arrangement, and did not remember Richards' exact words but stated that "There is no doubt as to the impression that he gave me during that conversation," that the interest could be split up after Richards purchased it. The testimony of each plaintiff was flatly contradicted by respondent Richards who was president and owner of the Kern Drilling Corporation. Richards also stated that Cross had said "he couldn't afford to buy any part of the royalty because he was building a house." Three or four days after the escrow had been opened for purchase in the respondent Kern's name, appellant Sully offered to pay for part of the royalty and "Richards told Sully that he, Richards, had nothing to sell." Richards had told Cross before the escrow was opened that "they would not permit the splitting of the percent."

Without going into further detail concerning the testimony, it is apparent that the trial court was presented with a serious conflict of evidence concerning the making of the alleged oral contract. ■ The record discloses substantial evidence in support of the finding that no such contract to convey tenth interests to either Sully or Cross was ever made; that no representations or promises to do so were made by the respondents, that no credit was pledged by appellants in reference thereto, that no joint venture existed, and that there were no circumstances requiring the imposition of a trust in appellants' favor. Such being the case, under the usual rule of appellate procedure, no further review of the evidence is required.

Appellants' contention that there was no finding on the issue of joint venture, is contradicted by the record in Finding No. IV where the trial court directly found that no such joint venture existed. Other findings specifically state that the defendants did not enter into any agreement whatever with the appellants.

The fact that the trial court found that appellant Cross was, as a matter of *quantum meruit,* entitled to $500 for services rendered obviously has no bearing upon the other issues in which the court decided against the appellants' contentions. There was evidence that Cross' services as geologist for the evaluation work were reasonably worth $100 per day, and that the actual time spent did not exceed two days. Appellant Cross has no valid complaint in reference thereto.

Nor is there merit in any of the appellants' contentions. A survey of the record fails to disclose any prejudicial error either in the admission or exclusion of evidence, or otherwise. All parties were permitted to go into the merits of the case with considerable liberality, and the trial court had before it what appears to have been an unabridged version of all the facts and circumstances connected with the controversy.

As pointed out by respondents, the burden of proof in respect to the alleged oral contract rested upon appellants' shoulders. Even those isolated items of evidence presented in appellants' brief are largely expressions of desire on appellants' part to acquire an interest in the royalty, or of offers to purchase, with, in Cross' case, the regret that due to other obligations Cross felt unable to invest at that time.

Such expressions of desire, obviously, do not amount to a contract, nor can they be considered as a basis for the imposition of either a constructive or resulting trust in favor of appellants. As hereinbefore indicated, the record discloses various statements by the respondent Richards to the effect that the Kern Drilling Corporation never entertained any intention of splitting up the interest purchases. In this state of the record, the findings of the trial court are abundantly supported.

A discussion of the statute of frauds becomes unnecessary in view of the fact that the trial court was justified in finding that no contractual relation of any kind existed. It is fundamental that courts, whether trial or appellate, possess no authority to make contracts for the parties litigant.

Cases cited by appellants relate largely to fundamental matters of law in respect to joint venture, the statute of frauds, etc. None of them relate to a factual situation comparable to that here involved. The issues here were largely concerned with matters of fact, weight of evidence and credibility of the testimony given. These were matters to be determined by the trial court which from the conflicting evidence reached a decision contrary to appellants' contentions. The findings are adequate and, as hereinbefore indicated, are supported by the evidence.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 16, 1954.